IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HOLLY WOOD, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action No.  2:04cv509-WHA |
| ) | |
| RICHARD ALLEN, Commissioner of the ) | (WO) |
| Alabama Department of Corrections, ) | |
| TROY KING, Attorney General ) | |
| for the State of Alabama, ) | |
| ) | |
| Respondents. ) | |

**ORDER**

This cause is before the court on the Petitioner's Request for a Certificate of Appealability to appeal this court's denial of two of his claims for habeas corpus relief. (Doc. #69).

A certificate of appealability is necessary before a petitioner may pursue an appeal in habeas corpus proceedings.  28 U.S.C. § 2253(c).  To mandate the issuance of a certificate of appealability, a petitioner must make a "substantial showing of denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).  A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to allow further proceedings.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the district court denies a  habeas petition on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Upon reviewing Petitioner's contentions as to the two claims identified in the Request for Certificate of Appealability , the court stands by the analysis of these claims as outlined in its previous Memorandum Opinion and Order, but finds that Petitioner has made a substantial showing of the denial of a constitutional right.  Accordingly, the Request for Certificate of Appealability is due to be and is hereby ORDERED GRANTED as to the claims identified by the Petitioner that his execution would violate *Atkins v. Virginia*, 536 U.S. 304, (2002), and that he suffered a *Batson v. Kentucky*, 476 U.S. 79, 97 (1986) violation during the selection of the jury in his criminal trial.

DONE this 22nd day of December, 2006.

　　　　　　　　　　　　　　　　 /s/ W. Harold Albritton　　　　　　　　　
　　　　　　　　　　　　　　　　W. HAROLD ALBRITTON
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE